[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (110)
Defendants move to dismiss this action, i.e. #287557 to foreclose a judgment lien on real property which was instituted pursuant to section 52-380a of the General Statutes. This motion should be granted because this court lacks jurisdiction of the subject matter.
In file #258354 a judgment was entered on September 30, 1987 and notice sent October 1, 1987. A motion to open said judgment was filed on October 2, 1987 and said motion was denied on October 19, 1987. On October 20, 1987, a second motion to open said judgment was filed; said filing was within the twenty day appeal period for the judgment of September 30, 1987. P.B. 4009. Said second motion was denied and counsel notified on September 18, 1989.
On October 6, 1989, an appeal was filed from "Motion to Reopen Judgment" which had been filed on October 2, 1987. CT Page 1434
Judgment was affirmed, on appeal, on October 3, 1990.
On July 21, 1989, this present action, file #287557, was instituted to foreclose the judgment lien on real property based on the judgment in file #258354.
Section 52-380a(c) of the General Statutes provides in pertinent part:
 ". . . No action to foreclose a judgment lien filed pursuant to this section may be commenced unless an execution may issue pursuant to section 52-356a. . . ."
Pursuant to section 52-356a, of the General Statutes, an execution shall not issue prior to ". . . expiration of any stay of enforcement and expiration of any right of appeal. . . ."
Section 4009 of the Practice Book, provides that an appeal in an action, such as the action in file #258354, shall be filed within twenty days ". . . from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken . . . but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective as, for example, a motion to open the judgment . . . the period of time for filing an appeal shall commence from the issuance of a notice of decision upon the motion. . .". Pursuant to section 4046 of the Practice Book, in all actions, such as the action in file #258354, ". . . proceedings to enforce . . . the judgment shall be automatically stayed until the time to take an appeal has expired, if an appeal is filed, such proceedings shall be stayed until the final determination of the cause . . ." unless the stay is earlier terminated.
Institution of this action to foreclose the judgment lien on July 21, 1989, was premature. On said date the automatic stay of proceedings was in effect because the second motion to open the judgment, filed within twenty days of the judgment, was still pending; on said date defendants' rights of appeal had not expired; and on said date no execution may properly have been issued under section 52-356a of the General Statutes. This court has no jurisdiction of this action to foreclose the judgment lien because it was prematurely instituted.
Accordingly, without consideration of the merits of the complaint, the motion to dismiss is granted and the complaint is dismissed.
RONALD J. FRACASSE, JUDGE CT Page 1435